**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JORGE P.T.,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; SIRCE OWEN, Acting Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; SAM OLSON, Field Director, St. Paul Field Office, Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-3463 (NEB/ECW)

ORDER

This matter is before the Court on Petitioner Jorge P.T.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Jorge P.T. is a citizen of Mexico who entered the United States without inspection at least ten years ago, but at an unknown time and place. (*Id.* ¶¶ 1, 59.)

On July 28, 2026, Immigration and Customs Enforcement ("ICE") was running license plate checks on vehicles near the address of a business known for employing undocumented immigrants. (ECF No. 14 ¶¶ 5–6.) They followed a vehicle, in which Jorge

P.T. was a passenger, from that address to a nearby gas station. (*Id.* ¶ 7.) When ICE approached, Jorge P.T. exited the vehicle and started to flee on foot. (*Id.* ¶¶ 9–10.) ICE yelled at Jorge P.T. to stop; after running about thirty yards, he stopped and put his hands up. (*Id.* ¶¶ 10–11.) ICE then took Jorge P.T. into custody and transferred him to Sherburne County jail, where he remains detained. (*Id.* ¶ 16; Pet. ¶¶ 29, 61–66.)

Jorge P.T. filed a habeas action challenging his detention, primarily seeking relief under the Due Process Clause. (Pet. ¶¶ 82–86; ECF No. 16 at 12.) Because Jorge P.T.'s detention violates due process, the Court grants the petition in part and orders Respondents to provide a bond hearing.

## ANALYSIS

### I. Due Process

The Court has already concluded that petitioners similarly situated to Jorge P.T. have an important liberty interest—freedom from physical restraint—that is protected by the Due Process Clause.[1] *Felipe S.P. v. Blanche*, No. 26-CV-2212 (NEB/DJF), 2026 WL 1911656, at *2 (D. Minn. July 2, 2026). Detention is a "constitutionally permissible" part of removal proceedings. *Demore v. Kim*, 538 U.S. 510, 531 (2003). But when detention implicates a protected liberty interest, it must serve a constitutionally acceptable purpose. *See Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024). Ensuring appearance at future immigration proceedings and limiting threats to public safety are interests that can justify detaining noncitizens like Jorge P.T. *Felipe S.P.*, 2026 WL 1911656, at *4. As in *Felipe S.P.*,

[1] Likewise, the Court has already concluded that precedent does not foreclose these constitutional challenges to detention. *Felipe S.P.*, 2026 WL 1911656, at *4–6 (distinguishing *Demore v. Kim*, 538 U.S. 510 (2003); *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024); and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020)).

the Court assesses Jorge P.T.'s due process claim using the balancing framework from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Id.* at *7. This framework weighs: (1) the private interest affected by government action; (2) the risk of erroneous deprivation of that interest based on the current procedures, and the probable value of additional or other procedural safeguards; and (3) the government's interest, "including the function involved and the fiscal and administrative burdens" of additional process. *Mathews*, 424 U.S. at 335.

***Private interest.*** Jorge P.T.'s interest in being free from detention is fundamental and essential to his liberty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Over the course of his ten years living in the United States, Jorge P.T. has worked and raised a family. (Pet. ¶ 1.) These roots strengthen his private interest. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (stating that noncitizens "who have established connections in this country have due process rights in deportation proceedings"); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (explaining that noncitizens "receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country"). The first *Mathews* factor weighs strongly in Jorge P.T.'s favor.

***Risk of erroneous deprivation.*** Jorge P.T.'s detention must be reasonably related to its intended purpose. *Zadvydas*, 533 U.S. at 690 (reiterating that detention must bear a reasonable relation to its purpose). Thus, detaining Jorge P.T. without an individualized bond hearing assessing his flight and security risks poses a danger of a mistaken or unjustified deprivation of liberty. *E.g.*, *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 689–90 (S.D. Tex. 2026); *Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782, 798 (S.D. Tex. 2026); *Chavero v. Bondi*, 818 F. Supp. 3d 836, 844–45 (W.D. Tex. 2025). But Section 1225(b)(2) does not provide Jorge P.T. any procedure to challenge whether his detention serves those

purposes; conversely, the probable value of a bond hearing assessing these facts is substantial.

Jorge P.T. does not appear to have a criminal history. And although Jorge P.T. started to flee upon arrest, Respondents make no argument that Jorge P.T. would remain detained even if given a bond hearing. *Restrepo v. Jamison*, 823 F. Supp. 3d 529, 543 (E.D. Pa. 2026) ("Where, as here, the Government has not alleged circumstances that would indicate that [petitioner] poses a danger to the community or is a flight risk, the risk of an erroneous deprivation is higher.").

Instead, Respondents urge that there is no risk of erroneous deprivation because Jorge P.T. is subject to mandatory detention under Section 1225(b)(2). (ECF No. 13 at 9.) This argument misses the point. Jorge P.T. distinctly raises a constitutional—not statutory— right to relief. As this Court has already concluded, the statutory basis for Jorge P.T.'s detention does not close the door on his Fifth Amendment challenge. *Felipe S.P.*, 2026 WL 1911656, at *2; *see also Avila v. Bondi*, 170 F.4th 1128, 1140 n.8 (8th Cir. 2026) (Erickson, J., dissenting) (noting that *Avila* does not foreclose due process claims); *Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018) (deciding statutory issue but instructing lower court to consider constitutional arguments on remand).

The second *Mathews* factor weighs in favor of Jorge P.T.

***Government interest & burden.*** The government has a strong interest and discretion in enforcing immigration law. *Muñoz*, 602 U.S. at 911–12; *Reno v. Flores*, 507 U.S. 292, 305 (1993) ("Over no conceivable subject is the legislative power of Congress more complete.") (citation modified). Accordingly, the Court weighs "heavily" that "control over matters of immigration is a sovereign prerogative, largely within the

control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Even so, Respondents have not shown that providing a bond hearing is a burden that outweighs Jorge P.T.'s private interest and the risk of erroneous deprivation; it is not obvious that a bond hearing is particularly burdensome. *Abdirashid H.M. v. Noem*, No. 25-CV-4779 (JRT/EMB), 2026 WL 127698, at *5 (D. Minn. Jan. 9, 2026) ("[A] bond hearing would impose minimal, if any, financial or administrative burden on Respondents."). Any burden that a bond hearing may impose does not outweigh Jorge P.T.'s strong private interest. *Id.*

Although Respondents' interest here is great, providing Jorge P.T. a bond hearing imposes a minimal burden. And Jorge P.T.'s private interest and the risk of erroneous deprivation of that liberty interest are significant. On balance, the *Mathews* factors weigh in favor of Jorge P.T., and due process requires that he receive a bond hearing.

The Court therefore grants his petition in part, and orders that Respondents provide a bond hearing. In reaching this conclusion, the Court does not predict the outcome of Jorge P.T.'s bond hearing. It does not decide whether Jorge P.T. is or is not a flight risk or whether he does or does not pose a danger to the community. The Court does not concern itself with the answers to those questions. But the Constitution requires that Respondents give Jorge P.T. a process by which to contest those determinations. Without it, his detention violates the Fifth Amendment.

## II. Remedy

As to the appropriate remedy, Jorge P.T. requests that the Court order his immediate release, rather than a bond hearing before an immigration judge ("IJ"). (ECF No. 16 at 6–9.) Jorge P.T.'s rationale seems to stem more from practical concern than legal argument. Recently, an IJ denied bond to one of counsel's other clients without making

an individualized assessment of the justification for her detention—instead claiming to lack jurisdiction because the individual was subject to mandatory detention under *Avila*. (*Id.*; ECF No. 16-2.) Jorge P.T. extrapolates from this incident and assumes that he will experience the same. But other courts in this District routinely order bond hearings in similar circumstances, and IJs routinely conduct individualized assessments at those hearings. *See, e.g.*, *Felipe S.P. v. Blanche*, No. 26-CV-2212 (NEB/DJF) (D. Minn. July 7, 2026), ECF No. 20 (letter from Respondents stating that petitioner was released on bond); *Roberto M.C. v. Mullin*, No. 26-CV-2554 (MJD/SGE) (D. Minn. June 26, 2026), ECF No. 22 (same).

As in *Felipe S.P.*, the Court orders that Respondents provide Jorge P.T. with constitutionally adequate process in the form of a bond hearing before an IJ. *Felipe S.P.*, 2026 WL 1911656, at *10; *see also Walter A.G.P. v. Mullin*, No. 26-CV-2891 (JWB/JFD), 2026 WL 2150525, at *4 (D. Minn. July 27, 2026) ("Under the existing statutory and regulatory framework, a prompt individualized custody hearing before an [IJ] is the appropriate means of providing that process.") Should Respondents fail to provide Jorge P.T. with constitutionally adequate process—that is, an individualized assessment of the justification for his detention—he will be entitled to immediate release.

One final note: The Court reiterates that it grants Jorge P.T.'s petition on constitutional, not statutory, grounds. Even though Congress has authorized mandatory detention through Section 1225(b)(2)(A), "the Constitution, not legislation, sets the floor for due process." *Felipe S.P.*, 2026 WL 1911656, at *9.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Jorge P.T.'s Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART; and

2. Respondents are ordered to provide Jorge P.T. with a constitutionally adequate bond hearing no later than August 14, 2026.

3. Respondents are further ordered that, should the bond hearing result in Jorge P.T.'s release, they must release him from custody:

   a. Inside the State of Minnesota;

   b. At a safe time and place communicated in advance to counsel; and

   c. With all Jorge P.T.'s personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys;

4. If Jorge P.T. does not receive a constitutionally adequate bond hearing before August 14, 2026, Respondents are ordered to immediately release Jorge P.T. from custody subject to the same conditions described in No. 3, above.

5. The remainder of Jorge P.T.'s Petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 11, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge